# In the United States Court of Federal Claims

No. 25-271

(Filed: April 4, 2025)

```
* * * * * * * * * * * * * * * * *
                                 *
NANCY CASILLAS,                  *
                                 *
                   Plaintiff,    *
                                 *
        v.                       *
                                 *
THE UNITED STATES,               *
                                 *
                   Defendant.    *
                                 *
* * * * * * * * * * * * * * * * *
```

**ORDER**

On February 11, 2025, Plaintiff Nancy Casillas, proceeding *pro se*, filed a complaint in this Court. ECF No. 1. Therein, Plaintiff alleged that Judge Mary Dolas, a judge on the Superior Court of California in the Juvenile Dependency division, "denied [Plaintiff] a fair and unbiases [sic] court hearing." *Id.* at 1, 2. As far as the Court can discern, Plaintiff's claims stem exclusively from alleged wrongs committed by Judge Dolas, a state trial judge, as well as by the Fresno County Superior Court's Juvenile Division, a division of a state trial court—not against the United States. *See id.* Not only does the caption of Plaintiff's case read "Nancy Casillas, . . . Plaintiff(s), v. The United States, Defendant [and] Fresno County Superior Court of California Juvenile Department," but the relief Plaintiff seeks makes abundantly clear that Plaintiff's claims are not against the United States but rather against Judge Dolas and the Fresno County Superior Court of California. *Id* at 1; *see also id.* at 3 ("I am asking the court to investigate my case the Judges, attorneys and CPS counsel and the clear case of impropriety[.] I am asking the court to remove and impeach Judge Mary D. Dolas[.] I am asking the court to investigate CPS and remove their license to do business in the state of California[.]").

This Court, like all federal courts, is a court of limited jurisdiction. Under Rule 12(h)(3) of the Rules of the U.S. Court of Federal Claims ("RCFC"), the Court is required to dismiss any claim as soon as it determines that it lacks subject-matter jurisdiction. The Court's jurisdiction, as afforded by the Tucker Act, extends to "any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added). Under the Tucker Act, "if the relief sought [in the Court of Federal Claims] is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Although Plaintiff's pro forma complaint

names the United States as a defendant, her claims stem entirely from disputes with a state trial judge and the juvenile department of a state court. ECF No. 1. What is more, Plaintiff seeks equitable relief in the form of the investigation of her case, the removal and impeachment of a state court trial judge, and the investigation of a state level agency. *Id.* at 3. Not only does the Court lack jurisdiction to hear the case, but it also lacks jurisdiction to award any of the relief requested. *See also Chisum v. United States*, No. 24-1821, 2024 WL 5824361 at *2 (Fed. Cl. Nov. 19, 2024).

Plaintiff's case, which is entirely comprised of allegations against a state court trial judge and a state court department, is beyond this Court's jurisdiction. As such the case is **DISMISSED** pursuant to RCFC 12(h)(3). The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge